UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD SCHNEIDER,

Plaintiff,

v. Case No. 26-cv-1205-pp

ANGJELLUSHE KUPI,

Defendant.

---

**ORDER DENYING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), SCREENING COMPLAINT AND DISMISSING CASE WITH PREJUDICE**

---

On July 9, 2026, the plaintiff, who is representing himself, filed a complaint alleging that the defendant, an employee of Wellpoint Care Network, and another employee of Wellpoint had violated his constitutional rights. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. This order denies that motion, screens the complaint and dismisses it with prejudice.

## I. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 3)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's motion states that he is not married and has one dependent. Dkt. No. 3 at 1. It shows that the plaintiff is not employed, has no

other income and has no assets, including cash or bank accounts. Id. at 1–3. It lists no expenses. Id. The facts in the request do not explain how the plaintiff is living. Perhaps the plaintiff receives some sort of government assistance, perhaps he lives with family or friends free of charge, perhaps those family or friends also provide for his needs, but there is nothing in the request telling the court whether that's the case or who supports the plaintiff.

Typically, the court would deny the motion because the court cannot conclude that the plaintiff is unable to pay the filing fee and would not proceed to screen the complaint. But because the court is going to dismiss the complaint, the court will deny the motion and proceed with screening. See Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

## II. Screening the Complaint

### A. Standard for Screening Complaint

The court next decides whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B. Allegations in the Complaint (Dkt. No. 1)

The plaintiff alleges that on December 15, 2025, two Wellpoint Care Network employees, the defendant and another employee, came to his home and forced him, under duress, to let them in without a warrant. Dkt. No. 1 at 2. The plaintiff asserts that "they were going to go to court and get a order from a judge and have my daughter removed." Id. (as in original). The plaintiff alleges that the two employees talked to him without his lawyer present. Id. at 2–3. He contends that "they" have lied, destroyed evidence and committed perjury. Id. at 3. The plaintiff argues that "they" violated his Fourth Amendment rights by entering his home without a warrant; violated his Fifth Amendment rights by talking to him without his lawyer present; and violated his Fourteenth Amendment Due Process rights "by refusing and destroying visitation workers' paperwork and evidence, and keeping [his] daughter away from [him]." Id. (as in original).

The plaintiff marked the box stating that he is suing for a violation of federal law under 28 U.S.C. §1331. Id. at 4. The plaintiff wants $100,000 from each case worker, wants them removed from their jobs and wants criminal charges brought against them. Id.

C. Analysis

This is the fourth complaint the plaintiff has filed in the last year and a half involving Wellpoint and its employees. In May 2025, the plaintiff filed a complaint alleging that Wellpoint had violated his constitutional rights during a paternity hearing in which he was denied custody of his daughter. Schneider v. Well Point Care Network, Case No. 25-cv-676-pp (E.D. Wis.), Dkt. No. 1. About a month later, the court dismissed the complaint at screening, explaining to the plaintiff that as a federal court of limited jurisdiction, it did not have the authority to hear his case. Id. at Dkt. No. 4 at 4–5. The court did not give the plaintiff an opportunity to amend his complaint. Id. at 5.

In August 2025, the plaintiff filed another complaint against Wellpoint. Schneider v. Wellpoint Care Network, Case No. 25-cv-1251-pp (E.D. Wis.), Dkt. No. 1. The plaintiff alleged that Wellpoint employees had lied to judges, refused to follow a judge's order in the Children's Court system and illegally kept his child from him. Id. The court screened the complaint, explaining that

> [t]he plaintiff has sued a private, non-profit entity for violating his constitutional rights, rather than suing state actors. He has sued an organization, rather than the individuals whom he claims violated his rights. He has not told the court what relief he believes he is entitled to. And he has not explained how what the people he discussed in his complaint violated his constitutional rights.

Id. at Dkt. No. 4 at 8. The court pointed out that to the extent the plaintiff wanted the court to interfere with child custody proceedings, Younger v. Harris, 401 U.S. 37 (1971) and Milchtein v. Chisholm, 880 F.3d 895 (7th Cir. 2018), would prohibit it from doing so because those cases hold that federal courts can't intervene in ongoing state criminal cases or child-welfare or child-custody cases. Id. at 7. The court explained that if the custody proceedings were over and the plaintiff intended to ask the court to reverse a state-court decision, the Rooker-Feldman[1] doctrine barred those claims because that doctrine states that lower federal courts don't have subject-matter jurisdiction to review state court civil decisions. The court gave the plaintiff an opportunity to amend his complaint to explain what he wanted the court to do. Id. at 9.

The plaintiff filed an amended complaint. Id. at Dkt. No. 5. In it, he named Wellpoint as the sole defendant and reiterated that it and its employees had violated his constitutional rights. Id. The problems from the original complaint persisted. In its order screening and dismissing the amended complaint, the court stated, "the plaintiff has not alleged facts demonstrating that Wellpoint is a state actor. He has not alleged what he believes *Wellpoint* did (as opposed to its employees) to violate his constitutional rights. And he has not advised the court regarding whether the state-court proceedings are on-going." Id., Dkt. No. 6 at 8–9. The court dismissed the amended complaint

> because the plaintiff has not complied with the requirements of the court's screening order and because the amended complaint does

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

> not provide the court with enough information to determine whether he can state a claim for which a federal court can grant relief.

Id. at 12.

The complaint in this case names only one defendant, an employee of Wellpoint, whom the plaintiff alleges violated his constitutional rights. As the court has explained in each of the plaintiff's previous complaints, 42 U.S.C. §1983 allows individual citizens to sue for violations of their constitutional rights by "state actors." To state a claim for relief under §1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that whoever deprived him of that right was acting "under color of state law." Persons acting "under color of state law" usually are state officials or state employees. The plaintiff's allegations do not allow the court to conclude that Wellpoint's employees qualify as state actors. See Thomas v. DMCPS, Case No. 23-cv-438, 2023 WL 3467557, *3 (E.D. Wis. May 15, 2023). Wellpoint is a community-funded non-profit organization—not a government organization. https://wellpointcare.org. Sometimes non-state actors can be liable under §1983. See Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7, 570 F.3d 811, 815–816 (7th Cir. 2009) (listing exceptions). But this is not one of those circumstances. The court will dismiss the plaintiff's complaint because it does not state a claim against the defendant.

The plaintiff now has unsuccessfully brought claims against Wellpoint and its employees three times. Each time, the court has explained why the claims failed. The plaintiff may not continue to seek such relief in federal court. If the plaintiff files another complaint in this federal court alleging that

Wellpoint or its employees violated his constitutional rights, the court has the authority to impose sanctions against him. These sanctions may include financial penalties such as fines or dismissal of the complaint and a filing bar prohibiting the plaintiff from filing further lawsuits in federal court until further order of the court.

## III. Conclusion

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** because the complaint fails to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 7th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**